GLG11081

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

LINDA BULLARD, INDIVIDUALLY AND AS
THE ADMINISTRATOR OF THE ESTATE OF
WILLIAM O. BULLARD, III,
      Plaintiff,

v.

BRYCO ARMS, INC., a/k/a BRYCO ARMS,
BRYCO ARMS,
B.L. JENNINGS, INC.,
BRUCE L. JENNINGS,
JANICE JENNINGS,
BRADLEY JENNINGS,
KIMBERLY JENNINGS,
RHONDA JENNINGS,
BRADLEY JENNINGS NEVADA TRUST,
KIMBERLY JENNINGS NEVADA TRUST,
RHONDA JENNINGS NEVADA TRUST,
RKB INVESTMENTS,
ABC CORP., XYZ CORP.,
JOHN/JANE DOE
GRAY HIGHWAY PAWN, INC.
      D/B/A SHURLINGTON JEWELRY AND PAWN,
and RONALD RICHARDSON
      Defendants.

Civil Action

## COMPLAINT FOR DAMAGES

NOW COMES LINDA BULLARD, natural mother and guardian of William O. Bullard,

III, a minor child now deceased, and for herself and as Administrator of the Estate of William O.

Bullard, III, files this action for damages as follows:

GLG11689

1.

Defendant **BRYCO ARMS, INC.**, a/k/a, BRYCO ARMS, (hereinafter referred to as "BRYCO ARMS, INC.") is a sole proprietorship, and/or partnership, and/or corporation, and/or other business entity transacting business in the State of Georgia, with a principal place of business and/or offices at 380 Clinton Street, Costa Mesa, California 92626. Defendant has, at all relevant times, failed to obtain authority from the Secretary of State of the State of Georgia to transact business in Georgia.

2.

Defendant **BRYCO ARMS** is a sole proprietorship, and/or partnership, and/or corporation, and/or other business entity transacting business in the State of Georgia, with a principal place of business and/or offices at 380 Clinton Street, Costa Mesa, California 92626. Defendant has, at all relevant times, failed to obtain authority from the Secretary of State of the State of Georgia to transact business in Georgia.

3.

Defendant **JENNINGS FIREARMS, INC.** (hereinafter referred to as "JENNINGS FIREARMS CALIFORNIA") is purportedly a California Corporation transacting business in the State of Georgia, with a registered agent for service of process, Gary Genske, at 12960 Center Avenue, Chino, California 91710. Defendant has, at all relevant times, failed to obtain authority from the Secretary of State of the State of Georgia to transact business in Georgia.

4.

Defendant JENNINGS FIREARMS, INC., (hereinafter referred to as 'JENNINGS FIREARMS NEVADA") is purportedly a Nevada Corporation transacting business in the State of Georgia, with a principal place of business and/or offices and/or agent for service of process by and through it's president, BRUCE JENNINGS, at 3680 Research Way, #1, Carson City, Nevada 89706. Defendant has, at all relevant times, failed to obtain authority from the Secretary of State of the State of Georgia to transact business in Georgia.

5.

Defendant B.L. JENNINGS, INC. is purportedly a Nevada Corporation transacting business in the State of Georgia, with a principal place of business and/or offices and/or agent for service of process by and through it's president, BRUCE JENNINGS, at 3680 Research Way, #1, Carson City, Nevada 89706. Defendant has, at all relevant times, failed to obtain authority from the Secretary of State of the State of Georgia to transact business in Georgia and has failed, at all relevant times, to maintain a registered agent for service of process in Georgia.

6.

Defendant BRUCE L. JENNINGS is an adult individual transacting business in the State of Georgia, residing at, and/or with a principal place of business and/or offices at 3680 Research Way, #1, Carson City, Nevada 89706. Defendant has, at all relevant times, failed to obtain authority from the Secretary of State of the State of Georgia to transact business in Georgia.

7.

Defendant **JANICE JENNINGS** is an individual transacting business in the State of Georgia, residing at, and/or with a principal place of business and/or offices at 5435 Dover Street, Chino, California 91710. Defendant has, at all relevant times, failed to obtain authority from the Secretary of State of the State of Georgia to transact business in Georgia.

8.

Defendant **BRADLEY JENNINGS** is an individual, transacting business in the State of Georgia, residing at, and/or with a principal place of business and/or offices in care of his parent and natural guardian, JANICE JENNINGS, at 5435 Dover Street, Chino, California 91710. Defendant has, at all relevant times, failed to obtain authority from the Secretary of the State of Georgia to transact business in Georgia.

9.

Defendant **KIMBERLY JENNINGS** is an individual, transacting business in the State of Georgia, residing at, and/or with a principal place of business and/or offices in care of her parent and natural guardian, JANICE JENNINGS, at 5435 Dover Street, Chino, California 91710. Defendant has, at all relevant times, failed to obtain authority from the Secretary of State of the State of Georgia to transact business in Georgia.

10.

GCG11089

Defendant **RHONDA JENNINGS** is an individual, transacting business in the State of Georgia, residing at, and/or with a principal place of business and/or offices in care of her parent and natural guardian, JANICE JENNINGS, at 5435 Dover Street, Chino, California 91710. Defendant has, at all relevant times, failed to obtain authority from the Secretary of State of the State of Georgia to transact business in Georgia.

11.

Defendant **RHONDA JENNINGS NEVADA TRUST** (hereinafter referred to as "RHONDA JENNINGS TRUST") is a sole proprietorship, and/or partnership, and/or corporation, and/or other business entity, and/or trust fund, transacting business in the State of Georgia, with a principal place of business and/or offices and/or agent for service of process in its trustee, JANICE JENNINGS, at 5435 Dover Street, Chino, California 91710. Defendant has, at all relevant times, failed to obtain authority from the Secretary of State of the State of Georgia to transact business in Georgia.

12.

Defendant **KIMBERLY JENNINGS NEVADA TRUST** (hereinafter referred to as "KIMBERLY JENNINGS TRUST") is a sole proprietorship, and/or partnership, and/or corporation, and/or other business entity, and/or trust fund, transacting business in the State of Georgia, with a principal place of business and/or offices and/or agent for service of process in its trustee, JANICE JENNINGS, at 5435 Dover Street, Chino, California 91710. Defendant has, at all relevant times, failed to obtain authority from the Secretary of State of the State of Georgia

to transact business in Georgia.

13.

Defendant **BRADLEY JENNINGS NEVADA TRUST** (hereinafter referred to as "BRADLEY JENNINGS TRUST") is a sole proprietorship, and/or partnership, and/or corporation, and for other business entity, and/or trust fund, transacting business in the State of Georgia, with a principal place of business and/or offices and/or agent for service of process in its trustee, JANICE JENNINGS, at 5435 Dover Street, Chino, California 91710. Defendant has, at all relevant times, failed to obtain authority from the Secretary of State of the State of Georgia to transact business in Georgia.

14.

Defendant **RKB INVESTMENTS** (hereinafter referred to as "RKB") is a sole proprietorship, and/or partnership, and/or corporation,' and/or other business entity transacting business in the State of Georgia, with a principal place of business and/or offices at 3 Crestwood, Newport Beach, California 92660. Defendant has, at all relevant times, failed to obtain authority from the Secretary of State of the State of Georgia to transact business in Georgia.

15.

Defendants ABC CORP., XYZ CORP. and JOHN/JANE DOE are organizations and/or individuals, the legal name of which is heretofore unknown, participating in the design, manufacturing, distributing, wholesaling and marketing of the product as herein alleged.

Plaintiff shall amend this Complaint seasonably to include more specific allegations upon proper discovery.

16.

Defendant **GRAY HIGHWAY PAWN, INC.** d/b/a Shurlington Jewelry and Pawn is a corporation of the State of Georgia and is subject to the jurisdiction of this Court.

17.

Defendant **RONALD RICHARDSON** is a resident of the State of Georgia and Jurisdiction is proper before this Court.

18.

At all times relevant herein and material hereto, Defendants, BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, B.L. JENNINGS, INC., BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLEY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY JENNINGS TRUST, BRADLEY JENNINGS, and RKB were transacting business in the State of Georgia.

19.

At all times relevant herein and material hereto, the activities of the defendants, BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS

FIREARMS NEVADA, B.L. JENNINGS, INC.,  BRUCE L. JENNINGS, JANICE JENNINGS,

BRADLEY JENNINGS, KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA

JENNINGS TRUST, KIMBERLY JENNINGS TRUST, BRADLEY JENNINGS TRUST, and/or

RKB, in the State of Georgia were continuous and substantial.


20.

At all times relevant herein and material hereto, Defendants BRYCO ARMS, INC.,

BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA,

B.L. JENNINGS, INC.,  BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS,

KIMBERLEY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST,

KIMBERLY JENNINGS TRUST, BRADLEY JENNINGS TRUST, and RKB, contracted to

supply services or products in the State of Georgia.


21.

At all times relevant herein and material hereto, Defendants BRYCO ARMS, INC.,

BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA,

B.L. JENNINGS, INC., BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS,

KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY

JENNINGS TRUST, BRADLEY JENNINGS TRUST, RKB, AMS, caused harm or tortuous

injury in the State of Georgia by an act or omission outside the State.


22.

At all times relevant herein and material hereto, Defendants BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, B.L. JENNINGS, INC., BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY JENNINGS TRUST, BRADLEY JENNINGS TRUST, and/or RKB, caused harm or tortuous injury in the State of Georgia by an act or omission within the State of Georgia.

23.

At all times relevant herein and material hereto, the Defendants, BRYCO ARMS, INC., BRYCO ARMS, JENNINGS Firearms CALIFORNIA, JENNINGS FIREARMS NEVADA, B.L. JENNINGS, INC., BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY JENNINGS TRUST, BRADLEY JENNINGS TRUST, and/or RKB, regularly conducted business in the State of Georgia.

24.

Defendant GRAY HIGHWAY PAWN, INC. d/b/a Shurlington Jewelry and Pawn is a joint tortfeasor and venue is proper in this Court. At all relevant times, Defendant GRAY HIGHWAY PAWN, INC. was a Georgia corporation. Jurisdiction is proper before this Court.

25.

Defendant RONALD RICHARDSON is a joint tortfeasor and venue is proper before this Court. At all relevant times, Defendant RONALD RICHARDSON was a resident of the State of

Georgia and jurisdiction is proper before this Court.

26.

At all times relevant herein and material hereto, the actions and inactions of Defendants BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, B.L. JENNINGS, INC., BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLEY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLEY JENNINGS TRUST, BRADLEY JENNINGS TRUST, and/or RKB, were performed by the individual Defendants and/or were performed by their duly authorized agents, servants, workmen and/or employees, acting in the course and scope of their authority and/or employment and in furtherance of the business and affairs of said Defendants.

27.

At all times relevant herein and material hereto, Defendants BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, B.L. JENNINGS, INC., BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLEY JENNINGS TRUST, BRADLEY JENNINGS TRUST, and/or RKB were acting as aforesaid and/or individually, and/or jointly, and/or in joint venture, and/or as distributors, and/or as sellers and/or as successors of the other Defendants, and/or as agents, servants, workmen and/or employees of each of the other Defendants, within the course and scope of their authority, and/or employment for and on behalf of said Defendants.

28.

At all times relevant herein and material hereto, Defendants BRYCO ARMS, INC.,

BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA,

B.L. JENNINGS, INC., BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS,

KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST,

KIMBERLEY JENNINGS TRUST, BRADLEY JENNINGS TRUST, and/or RKB were

uninsured.

29.

At all times relevant herein and material hereto, Defendants BRYCO ARMS, INC.,

BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA,

B.L. JENNINGS, INC., BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS,

KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST,

KIMBERLEY JENNINGS TRUST, BRADLEY JENNINGS TRUST, and/or RKB were

undercapitalized.

30.

At all times relevant herein and material hereto, Defendants BRYCO ARMS, INC.,

BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA,

B.L. JENNINGS, INC., BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS,

KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST,

KIMBERLEY JENNINGS TRUST, BRADLEY JENNINGS TRUST, and/or RKB failed to have

established a self-insurance fund for payment of personal injury claims and judgments.


31.

At all times relevant herein and material hereto, Defendant JANICE JENNINGS was the

ex-wife of Defendant BRUCE L. JENNINGS.


32.

At all times relevant herein and material hereto, Defendants RHONDA JENNINGS,

KIMBERLY JENNINGS, and BRADLEY JENNINGS, were the children of Defendants BRUCE

L. JENNINGS and JANICE JENNINGS.


33.

At all times relevant herein and material hereto, Defendants BRUCE L. JENNINGS,

JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLY JENNINGS, RHONDA

JENNINGS, RHONDA JENNINGS TRUST, KIMBERLEY JENNINGS TRUST, and/or

BRADLEY JENNINGS TRUST, were officers, directors, chairmen, sole shareholders, majority

shareholders, and/or shareholders of, and/or were in control and/or joint control of the

Defendants, BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA,

JENNINGS FIREARMS NEVADA, B.L. JENNINGS, INC.,and/or RKB.

34.

At all times relevant herein and material hereto, Defendants BRYCO ARMS, INC.,

BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA,

and/or B.L. JENNINGS, INC., failed to pay dividends, failed to observe corporate formalities,

were insolvent, failed to keep corporate records, and/or maintained non-functioning and/or false

and/or straw officers, directors, and/or chairmen.

35.

At all times relevant herein and material hereto the corporate entities of the Defendants,

BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS

FIREARMS NEVADA, B.L. JENNINGS, INC., and/or and/or RKB were used by the

JENNINGS family Defendants wrongfully, illegally, fraudulently, unjustly, inequitably, and/or

intentionally to avoid liability for and/or payment of judgments in products liability law suits,

civil law suits and/or personal injury lawsuits arising from defective products manufactured,

distributed and/or sold by the Defendants.

36.

At all times relevant herein and material hereto, the funds and/or assets of the Defendants,

BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS

FIREARMS NEVADA, and/or B.L. JENNINGS, INC., were siphoned off, and/or diverted to,

and/or commingled with, the personal funds and/or assets of Defendants BRUCE L. JENNINGS,

JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLY JENNINGS, RHONDA

JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY JENNINGS TRUST, BRADLEY

JENNINGS TRUST and/or RKB, for their own personal use and/or benefit, and/or in an effort to

wrongfully, illegally, fraudulently, unjustly, inequitably and/or intentionally avoid liability for,

and/or payment of judgments in products liability law suits, civil law suits, and/or personal injury

lawsuits against Defendants, BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS

CALIFORNIA, JENNINGS FIREARMS NEVADA, and/or B.L. JENNINGS, INC..

37.

At all times relevant herein and material hereto, Defendant BRUCE L. JENNINGS was in

control and/or joint control of Defendants BRYCO ARMS, INC., BRYCO ARMS, JENNINGS

FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, and/or B. L. JENNINGS,

INC., and used that control and/or the corporate assets to further his own personal interests such

that BRYCO ARMS ,INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA,

JENNINGS FIREARMS NEVADA, and/or B. L. JENNINGS, INC. are sham corporations and a

mere alter ego of the Defendant BRUCE L. JENNINGS.

38.

At all times relevant herein and material hereto, Defendant JANICE JENNINGS was in

control and/or joint control of Defendants BRYCO ARMS, INC., BRYCO ARMS, JENNINGS

FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, and/or B. L. JENNINGS,

INC., and used that control and/or the corporate assets to further her own personal interests such

that BRYCO ARMS, INC.,BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA,

JENNINGS FIREARMS NEVADA, and/or B. L. JENNINGS, INC. are sham corporations and a mere alter ego of Defendant JANICE JENNINGS.

39.

At all times relevant herein and material hereto, Defendant BRADLEY JENNINGS, individually and/or by and through his parents, BRUCE L. JENNINGS and/or JANICE JENNINGS, was in control and/or joint control of Defendants BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, and/or B. L. JENNINGS, INC., and used that control and/or the corporate assets to further his own personal interests such that BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, and/or B. L JENNINGS, INC. are sham corporations and a mere alter ego of Defendant BRADLEY JENNINGS.

40.

At all times relevant herein and material hereto, Defendant KIMBERLY JENNINGS, individually and/or by and through her parents, BRUCE L. JENNINGS and/or JANICE JENNINGS, was in control and/or joint control of Defendants BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, and/or B. L. JENNINGS, INC. and used that control and/or the corporate assets to further her own personal interests such that BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, And/or B. L. JENNINGS, INC. are sham corporations and a mere alter ego of Defendant KIMBERLY JENNINGS.

41.

At all times relevant herein and material hereto, Defendant RHONDA JENNINGS, individually and/or by and through her parents, BRUCE L. JENNINGS and/or JANICE JENNINGS, was in control and/or joint control of the Defendants, BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, and/or B. L. JENNINGS, INC., and used that control and/or the corporate assets to further her own personal interests such that BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, and/or B. L. JENNINGS, INC. are sham corporations and a mere alter ego of Defendant RHONDA JENNINGS.

42.

At all times relevant herein and material hereto Defendant JANICE JENNINGS was the trustee of the Defendants RHONDA JENNINGS TRUST, KIMBERLY JENNINGS TRUST, and BRADLEY JENNINGS TRUST.

43.

At all times relevant herein and material hereto, Defendant RHONDA JENNINGS TRUST, by and through RHONDA JENNINGS and/or its trustee, JANICE JENNINGS, was in control and/or joint control of Defendants, BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, and/or B. L. JENNINGS, INC., and used that control and/or the corporate assets to further the personal interests of

RHONDA JENNINGS TRUST and/or RHONDA JENNINGS and/or the interests of the beneficiaries of the said trust such that BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, and/or B. L. JENNINGS, INC are sham corporations and a mere alter ego of Defendant RHONDA JENNINGS TRUST and/or RHONDA JENNINGS, and/or of the beneficiaries of the trust.

44.

At all times relevant herein and material hereto, Defendant KIMBERLY JENNINGS TRUST, by and though KIMBERLEY JENNINGS and/or its trustee, JANICE JENNINGS, was in control and/or joint control of Defendants BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, and/or B. L. JENNINGS, INC., and used that control and/or the corporate assets to further the personal interests of KIMBERLEY JENNINGS TRUST and/or KIMBERLY JENNINGS and/or the interests of the beneficiaries of the trust such that BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, and/or B. L JENNINGS, INC. are sham corporations and a mere alter ego of Defendant KIMBERLY JENNINGS TRUST and/or KIMBERLY JENNINGS and/or of the beneficiaries of the trust.

45.

At all times relevant herein and material hereto, Defendant BRADLEY JENNINGS TRUST, by and trough BRADLEY JENNINGS and/or its trustee JANICE JENNINGS, was in control and/or joint control of Defendants BRYCO ARMS, INC., BRYCO ARMS, JENNINGS

FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, and/or B. L. JENNINGS,

INC., and used that control and/or the corporate assets to further the personal interests of

BRADLEY JENNINGS TRUST and/or BRADLEY JENNINGS and/or the interests of the

beneficiaries of the trust, such that BRYCO ARMS, INC., BRYCO ARMS, JENNINGS

FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, and/or B. L. JENNINGS, INC.

are sham corporations and a mere alter ego of Defendant BRADLEY JENNINGS TRUST,

and/or BRADLEY JENNINGS and/or of the beneficiaries of the trust.

46.

At all times relevant herein and material hereto, Defendant RKB was in control and/or

joint control of Defendants BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS

CALIFORNIA, JENNINGS FIREARMS NEVADA, and/or B.L. JENNINGS, INC., and used

that control and/or the corporate assets to further its own personal interests such that BRYCO

ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS

FIREARMS NEVADA, and/or B. L. JENNINGS, INC. are sham corporations and a mere alter

ego of Defendant RKB.

47.

At all times relevant herein and material hereto, the corporate funds, and/or assets of

Defendants BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA,

JENNINGS FIREARMS NEVADA, and/or B.L. JENNINGS, INC. were siphoned off by,

depleted by, commingled with the personal funds of, used for the personal benefits of, and/or

diverted to Defendants BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY JENNINGS TRUST, BRADLEY JENNINGS TRUST and/or RKB.

48.

At all times relevant herein and material hereto, Defendants BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLEY JENNINGS TRUST and/or BRADLEY JENNINGS TRUST, acting as aforesaid, were in control and/or joint control of Defendant RKB, and used that control and/or the corporate assets to further their own personal interests.such that RKB is a sham corporation and a mere alter ego of the Defendants, BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY JENNINGS TRUST and/or BRADLEY JENNINGS TRUST.

49.

At all times relevant herein and material hereto, Defendants, RKB, RHONDA JENNINGS TRUST, KIMBERLY JENNINGS TRUST, and/or BRADLEY JENNINGS TRUST were created by BRUCE L. JENNINGS, JANICE JENNINGS, RHONDA JENNINGS, KIMBERLEY JENNINGS and/or BRADLEY JENNINGS deliberately, wrongfully, unjustly, illegally, fraudulently, inequitably, and/or intentionally, to avoid civil liability, products liability, and to avoid paying products liability and/or other judgments for injuries caused by defective

products of Defendants BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS

CALIFORNIA, JENNINGS FIREARMS NEVADA, and/or B.L. JENNINGS, INC.

50.

At all times relevant herein and material hereto, Defendant JANICE JENNINGS was an

officer and/or shareholder of Defendants BRYCO ARMS, INC., and/or BRYCO ARMS.

51.

At all times relevant herein and material hereto, the remaining shareholders of Defendants

BRYCO ARMS, INC. and/or BRYCO ARMS were Defendants BRADLEY JENNINGS,

KIMBERLEY JENNINGS, RHONDA JENNINGS and/or Rhonda JENNINGS TRUST,

KIMBERLY JENNINGS TRUST, and/or BRADLEY JENNINGS TRUST.

52.

In or about January of 1996, the corporate charter and/or corporate status of the

Defendants BRYCO ARMS, INC. and/or BRYCO ARMS was permanently revoked by the state

in which said Defendants were incorporated.

53.

At all times relevant herein and material hereto, as a result of said revocation, Defendants

BRYCO ARMS, INC. and/or BRYCO ARMS, became sole proprietorships of JANICE

JENNINGS, and/or partnerships, associations, and/or other non-corporate business entities

consisting of the individual Defendants JANICE JENNINGS, BRADLEY JENNINGS,
KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY
JENNINGS TRUST and/or BRADLEY JENNINGS TRUST.

54.

At all times relevant to the revocation of the corporate charter and/or status of BRYCO
ARMS, INC. and/or BRYCO ARMS, Defendants JANICE JENNINGS, BRADLEY
JENNINGS, KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST,
KIMBERLY JENNINGS TRUST and/or BRADLEY JENNINGS TRUST continued to
manufacture the product line of BRYCO ARMS, INC. and/or BRYCO ARMS, including but not
limited to firearms such as the Product herein, under the name BRYCO ARMS, INC., and/or
BRYCO ARMS.

55.

At all times relevant herein and material hereto Defendants BRUCE L. JENNINGS,
JANICE JENNINGS, RHONDA JENNINGS, KIMBERLY JENNINGS, BRADLEY
JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY JENNINGS TRUST and/or
BRADLEY JENNINGS TRUST were successors to and/or assumed the liabilities and debts of
Defendants BRYCO ARMS, INC., and/or BRYCO ARMS.

56.

On or about February 10, 2000 Ms. Tiffany Hardware purchased a handgun in new

condition from Defendant GRAY HIGHWAY PAWN, INC. d/b/a Shurlington Jewelry and

Pawn, with Defendant RONALD RICHARDSON acting as the owner, salesperson and as agent

for the corporation.


57.

This handgun was a .380 caliber model "48" (also known as a model "J 48" )

manufactured, assembled, marketed and/or sold by JENNINGS FIREARMS CALIFORNIA,

JENNINGS FIREARMS NEVADA, and/or B.L. JENNINGS, INC., BRYCO ARMS, INC.

and/or BRYCO ARMS, and/or the sole proprietorships of JANICE JENNINGS, and/or

partnerships, associations, and/or other non-corporate business entities consisting of the

individual Defendants BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS,

KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY

JENNINGS TRUST, BRADLEY JENNINGS TRUST and/or RKB.  Henceforth, this handgun

will be referred to as "the handgun" or "the product."


58.

The handgun was purchased by Tiffany Hardware at the specific recommendation of

RONALD RICHARDSON from GRAY HIGHWAY PAWN, INC. d/b/a Shurlington Jewelry

and Pawn.

59.

Tiffany Hardware never discharged the handgun prior to March 25, 2000.

60.

On March 25, 2000 Tiffany Hardware became aware that the handgun was not functioning properly and attempted to return the handgun for repair or replacement to GRAY HIGHWAY PAWN, INC. d/b/a Shurlington Jewelry and Pawn. RONALD RICHARDSON, as agent of GRAY HIGHWAY PAWN, INC. d/b/a Shurlington Jewelry and Pawn, examined the defective handgun and instructed Tiffany Hardware to keep the handgun over the weekend and return with it on Monday.

61.

On or about Saturday, March 25, 2000, Tiffany Hardware, was using the handgun at her home at 4515 Thrasher Court, Macon, Bibb County, Georgia in a manner intended and/or reasonably foreseeable by Defendants, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, and/or B.L. JENNINGS, INC., BRYCO ARMS, INC. and/or BRYCO ARMS, and/or the sole proprietorships of JANICE JENNINGS, and/or partnerships, associations, and/or other non-corporate business entities consisting of the individual Defendants BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY JENNINGS TRUST, BRADLEY JENNINGS TRUST and/or RKB, when she unintentionally dropped the handgun.

62.

On falling , the handgun struck a table and/or another object or objects and

unintentionally discharged.

63.

The bullet discharged from the handgun struck Plaintiff's decedent, William O. Bullard, III, in the right abdomen, aorta, and other internal organs and tissue causing him serious injuries and damages hereinafter more fully set forth.

64.

Said injuries required emergency medical treatment. William O. Bullard, III was a minor requiring emergency medical treatment for which his mother, LINDA BULLARD is obligated. Said medical bills are in the amount of $ 2,283.00 and were incurred in the necessary and reasonably proper course of medical treatment.

65.

William O. Bullard, III, died on Saturday, March 25, 2000 at approximately 11:54 p.m. as a direct and proximate result of the gunshot injuries.

66.

Funeral expenses incurred for burial of William O. Bullard, III are in the reasonable and proper amount of $ 5,123.20.

67.

As a further result of said occurrence, the Plaintiff's decedent, William O. Bullard, III, suffered severe physical pain, mental anguish, great detriment and loss.

68.

As a further result of the aforesaid occurrence, Plaintiff's decedent, William O. Bullard, III, was briefly unable to attend to his usual and customary duties, activities and occupations, and suffered a loss of enjoyment of life's pleasures to his great detriment and loss.

69.

As a further result of the aforesaid occurrence, the Plaintiff's decedent, William O. Bullard, III,  suffered great mental anguish being fully conscious and cognizant of ensuing death.

70.

William O. Bullard, III's injuries were the proximate result of design and manufacturing defects in the model "48" handgun which existed when the handgun was first released to the marketplace by defendant JENNINGS and/or defendant Bryco.

71.

At the time of the discharge, the trigger of the handgun  was not struck, pulled and/or squeezed.

72.

At all times relevant herein and material hereto, it was reasonably foreseeable by the Defendants JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, and/or B.L. JENNINGS, INC., BRYCO ARMS, INC. and/or BRYCO ARMS, and/or the sole proprietorships of JANICE JENNINGS, and/or partnerships, associations, and/or other non-corporate business entities consisting of the individual Defendants BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY JENNINGS TRUST, BRADLEY JENNINGS TRUST and/or RKB that the handgun would, and/or might fall and/or drop.

73.

The handgun, when manufactured and sold by defendant JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, and/or B.L. JENNINGS, INC., BRYCO ARMS, INC. and/or BRYCO ARMS, and/or the sole proprietorships of JANICE JENNINGS, and/or partnerships, associations, and/or other non-corporate business entities consisting of the individual Defendants BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY JENNINGS TRUST, BRADLEY JENNINGS TRUST and/or RKB, was not merchantable and reasonably suited to the use intended, and defendants are strictly liable for defects in the handgun under O.C.G.A. § 51-1-11.

74.

Plaintiff is entitled to recover from Defendants JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, and/or B.L. JENNINGS, INC., BRYCO ARMS, INC. and/or BRYCO ARMS, and/or the sole proprietorships of JANICE JENNINGS, and/or partnerships, associations, and/or other non-corporate business entities consisting of the individual Defendants BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY JENNINGS TRUST, BRADLEY JENNINGS TRUST and/or RKB for the wrongful death of her son, William O. Bullard, III, in such just amount as may be determined by a jury.

75.

On or about Saturday, March 25, 2000 , and for some time prior thereto, Defendants BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, B.L. JENNINGS, INC., BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY JENNINGS TRUST, BRADLEY JENNINGS TRUST, and/or RKB, acting as aforesaid, was engaged in the designing, manufacturing, consigning, distributing, selling, leasing, renting, servicing, repairing, promoting, marketing, advertising, and otherwise placing in the stream of commerce certain JENNINGS Firearms And/or Bryco Arms .380 caliber (.380 mm.) semi automatic pistols, including but not limited to a certain JENNINGS Firearms by Bryco Arms model Bryco "48", .380 caliber semi automatic pistol, serial Number S928747 and accompanying magazines (hereinafter referred to as the "Product").

76.

On or about Saturday, March 25, 2000, and for some time prior thereto, Defendants

BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS

FIREARMS NEVADA, B.L. JENNINGS, INC., BRUCE L. JENNINGS, JANICE JENNINGS,

BRADLEY JENNINGS, KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA

JENNINGS TRUST, KIMBERLY JENNINGS TRUST, BRADLEY JENNINGS TRUST, and/or

RKB expected and knew, should have known and/or are charged with knowledge that said

Product would be used by the consuming and/or using public without prior inspection or product

limitations testing, and would reach the consuming and/or using public without substantial

change in the condition in which said Product was originally manufactured, distributed and sold.

77.

At all times relevant herein and material hereto, Tiffany Hardware was a member of the

consuming and/or using public.

78.

At all times relevant herein and material hereto, Tiffany Hardware was unaware of the

defective and unreasonably dangerous condition of the aforesaid Product, as hereinafter more

fully set forth.

79.

At all times relevant herein and material hereto, Tiffany Hardware, was using the

aforesaid Product in a manner intended by the said Defendants and the Plaintiff's decedent was seriously injured and died as a direct result of the defective and unreasonably dangerous condition of the Product and/or the negligence of the Defendants as hereinafter more fully set forth.

80.

At all times relevant herein and material hereto, the manner in which Tiffany Hardware was using the aforesaid Product was reasonably foreseeable by Defendants BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, B.L. JENNINGS, INC., BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY JENNINGS TRUST, BRADLEY JENNINGS TRUST, and/or RKB.

81.

At all times relevant herein and material hereto, Defendants, BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, B.L. JENNINGS, INC, BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY JENNINGS TRUST, BRADLEY JENNINGS TRUST, and RKB were under a duty to:

    a)    Properly design said Product;

    b)    Properly manufacture said Product;

    c)    Properly and adequately design and manufacture the manual safety of the Product;

d)   Properly and adequately design and manufacture the manual safety of the Product so as to prevent said safety from unintentionally disengaging and/or failing;

e)   Properly and adequately design and manufacture the said manual safety to avoid the safety from unintentionally disengaging and/or failing;

f)   Properly and adequately design and manufacture the Product with an adequate safety device and/or mechanism to prevent the manual safety from unintentionally disengaging and/or failing;

g)   Use proper, adequate, complete and/or safe materials and/or parts in the fabrication and/or assembly and/or manufacture of said Product;

h)   Provide an adequate safety mechanism in or on the Product;

i)   Properly and adequately design and manufacture a warning mechanism in or on the Product to indicate to the user that the manual safety has failed and/or is disengaged;

j)   Properly and adequately design and manufacture an adequate warning mechanism in or on the Product to indicate to the user that the manual safety has failed and/or is disengaged;

k)   Properly and adequately design and manufacture the Product with an automatic firing pin safety and/or other safety device which locks the firing pin until the trigger is pulled and/or squeezed;

l)   Properly and adequately design and manufacture the Product with an automatic firing pin safety and/or other safety device to prevent the product from unintentionally and/or accidentally discharging if the Product is dropped when the

manual safety has failed and/or is disengaged;

m)    Properly and adequately design and manufacture the Product so that it can be safely and/or easily unloaded;

n)    Properly engineer said Product;

o)    Properly fabricate said Product;

p)    Property assemble said Product;

q)    Properly test said Product for defects;

r)    Properly inspect the Product to determine and/or ensure the safety thereof;

s)    Provide clear and safe instructions for the use of said Product;

t)    Provide adequate and complete instructions for safe and proper use of the Product;

u)    Provide adequate and complete instructions for safe and proper unloading of said Product;

v)    Provide warnings for the safe and proper use of said Product;

w)    Provide adequate and complete warnings for the safe and proper use of said Product;

x)    Disclose to purchasers that the Product was defectively and/or unreasonably dangerously designed and/or manufactured;

y)    Recall the Product when Defendant learned of other incidents in which persons using the Product and/or other model Bryco "48" .380 caliber semi-automatic pistols of the same type and kind, or predecessor models on which the design of the Product is based, in the same or essentially the same manner had received serious injuries from the malfunction and/or unintentional discharge and/or

accidental discharge of said pistols;

z)    Recall the Product when Defendant learned of scientifically conducted testing in which the Product and/or other model Bryco "48" .380 caliber semi-automatic pistols of the same type and kind, or predecessor models on which the design of the Product is based, in the same or essentially the same manner malfunctioned and/or unintentionally discharged.

aa)    Refrain from advertising promoting and marketing model Bryco "48" .380 caliber (.380 mm) semiautomatic pistols like the Product aforementioned as being safe under ordinary use when Defendants knew or should have known that such pistols were in fact unsafe and unreasonably dangerous under ordinary use due to the tendency of the aforementioned manual safety to disengage and/or fail, permitting the pistol to unintentionally and/or accidentally discharge;

bb)    Refrain from advertising promoting and marketing model Bryco "48" .380 caliber semiautomatic pistols like the Product aforementioned as being safe under ordinary use when Defendants knew or should have known that such pistols were in fact unsafe and unreasonably dangerous under ordinary use due to the lack of an automatic firing pin safety and/or other safety device which locks the firing pin until the trigger is pulled or squeezed, thereby permitting the pistol to unintentionally and/or accidentally discharge;

cc)    Refrain from advertising promoting and marketing model Bryco "48" .380 caliber semiautomatic pistols like the Product aforementioned as being safe under ordinary use when Defendants knew or should have known that such pistols were

in fact unsafe and unreasonably dangerous under ordinary use due to the lack of an automatic firing pin safety and other safety devices to prevent the Product from unintentionally and/or accidentally discharging if the Product is dropped when the manual safety has failed and/or is disengaged;

dd)  Properly and adequately instruct their agents, servants, workmen, and/or employees in the safe, proper and adequate inspection, testing, fabrication, and/or assembly of said Product;

ee)  Properly and adequately supervise their agents, servants, workmen, and/or employees in the safe, proper and adequate inspection, testing, fabrication and/or assembly of said Product;

ff)  Determine and/or ensure that the designers of said Product were properly and adequately educated, trained, schooled, and/or had and/or possessed sufficient knowledge to safely, properly and adequately design said Product;

gg)  Determine and/or ensure that their agents, servants, workmen, and/or employees were properly and adequately educated, trained, and/or schooled in the safe, proper and adequate inspection, testing, fabrication and/or assembly of said Product;

hh)  Otherwise use due care under the circumstances.

82.

At all times relevant herein and material hereto, Defendants BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA,

B.L. JENNINGS, Inc., BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLEY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY JENNINGS TRUST, BRADLEY JENNINGS TRUST, and/or RKB acting as aforesaid, knew or should have known and/or are charged with knowledge of the defective and unreasonably dangerous condition of the Product as hereinafter more fully set forth.

83.

At all times relevant herein and material hereto, Defendants BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, B.L. JENNINGS, INC., BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLEY JENNINGS TRUST, BRADLEY JENNINGS TRUST, and/or RKB, through commission or omission, acted negligently, carelessly, recklessly, willfully, wantonly and without due regard for the rights and safety of the consuming public, William O. Bullard, III and others.

## FIRST COUNT
## STRICT LIABILITY IN TORT

84.

The Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 83 inclusive of the foregoing Compliant, as if the same were set forth fully

at length herein.

85.

On or about Saturday, March 25, 2000, and for some time prior thereto, Defendants BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, B.L. JENNINGS, INC., BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLEY JENNINGS TRUST, BRADLEY JENNINGS TRUST, and/or RKB acting as aforesaid, designed, manufactured, engineered, assembled, fabricated, distributed, consigned, sold, marketed, advertised, and/or otherwise placed in the stream of commerce the aforesaid Product consumed and/or used by the consuming public.

86.

At all times relevant herein and material hereto, Defendants BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, B.L. JENNINGS, INC., BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY JENNINGS TRUST, BRADLEY JENNINGS TRUST, and/or RKB, were under a duty to place the aforesaid Product into the stream of commerce in a reasonably safe condition so as to be fit for its intended uses and purposes.

87.

The aforesaid Product was unsafe for its intended uses and purposes and was defective and unreasonably dangerous in that Defendants BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, B.L. JENNINGS, INC., BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY JENNINGS TRUST, BRADLEY JENNINGS TRUST, and/or RKB:

a) Failed to properly design said product;

b) Failed to properly manufacture said product;

c) Improperly and inadequately designed and/or manufactured the manual safety of the Product;

d) Improperly and inadequately designed and/or manufactured the Product in failing to prevent the manual safety from unintentionally disengaging and/or failing;

e) Improperly and inadequately designed and/or manufactured the Product so as to permit the manual safety to unintentionally disengage and/or to fail;

f) Improperly and inadequately designed and/or manufactured the Product in failing to provide an adequate safety device and/or mechanism to prevent the manual safety from unintentionally disengaging and/or failing;

g) Improperly and inadequately designed and manufactured the Product in using improper, inadequate, incomplete, and/or defective, and/or unsafe materials and/or parts;

h) Failed to provide an adequate safety mechanism in or on the Product;

i) Improperly and inadequately designed and/or manufactured the Product in failing

to provide a warning mechanism in or on the Product to indicate to the user that

the manual safety has failed and/or is disengaged;

j)   Improperly and inadequately designed and/or manufactured the Product in failing

to provide an adequate warning mechanism in or on the Product to indicate to the

user that the manual safety has failed and/or is disengaged;

k)   Improperly and inadequately designed and/or manufactured the Product without

an automatic firing pin safety and/or other safety device which locks that firing

pin until the trigger is pulled and/or squeezed;

l)   Improperly and inadequately designed and/or manufactured the Product without a

safety mechanism and/or device to prevent the Product from discharging when the

manual safety has failed and/or is disengaged and the trigger is not pulled or

squeezed;

m)   Improperly and inadequately designed and/or manufactured the Product without

an automatic firing pin safety and/or other safety device to prevent the Product

from unintentionally and/or accidentally discharging if the Product is dropped and

the manual safety has failed and/or is disengaged;

n)   Improperly and inadequately designed and/or manufactured the magazine and/or

pistol in such a way that the magazine will not drop free of the pistol when the

magazine release is activated;

o)   Improperly and inadequately designed and/or manufactured that Product in that

the magazine cannot be safely and/or easily removed from the pistol;

p)   Improperly and inadequately designed an/or manufactured the Product in that the

Product cannot be safely and/or easily unloaded;

q)   Failed to properly engineer the Product;

r)   Failed to properly fabricate the Product;

s)   Failed to properly assemble the Product;

t)   Failed to properly test the Product for defects;

u)   Failed to properly inspect the product to determine and/or ensure the safety thereof;

v)   Provided unclear, misleading and/or hazardous instructions for the use of said Product;

w)   Failed to provide adequate and complete instructions for the safe and proper unloading of the Product;

x)   Failed to provide adequate and complete instructions for safe and proper use;

y)   Failed to provide warnings for safe and proper use;

z)   Failed to provide adequate and complete warnings for safe and proper use;

aa)   Failed to disclose to purchasers, the Plaintiff, and others similarly situated that the Product was defectively and/or unreasonably dangerously designed and/or manufactured;

bb)   Failed to recall the Product when Defendants leaned of other incidents in which persons using the Product and/or other model Bryco "48" .380 caliber (.380 mm) semiautomatic pistols of the same type and kind in the same or essentially the same manner had received serious injuries from the malfunction an/or by the unintentional discharge and/or accidental discharge of said pistols;

cc)   Advertised, promoted, and marketed the Product as being safe under ordinary use when Defendants knew or should have known that such model Bryco "48" .380 caliber semiautomatic pistols were in fact unsafe and unreasonably dangerous under ordinary use due to the tendency of the aforementioned manual safety to unintentionally and/or disengage an/or fail, permitting the pistol to unintentionally and/or accidentally discharge;

dd)   Advertised, promoted and marketed the Product as being safe under ordinary use when Defendants knew or should have known that such model Bryco "48" .380 caliber semiautomatic pistols ware in fact unsafe and unreasonably dangerous under ordinary use due to the lack of an automatic firing pin safety which locks the firing pin until the trigger is pulled or squeezed, thereby permitting the pistol to unintentionally and/or accidentally discharge;

ee)   Advertised, promoted and marketed the Product as being safe under ordinary use when Defendants knew or should have known that the model Bryco "48" .380 caliber semiautomatic pistols where in fact unsafe and unreasonably dangerous under ordinary use due to the lack of an automatic firing pin safety and/or other safety device to prevent the Product from unintentionally and/or accidentally discharging if the Product is dropped when the manual safety has failed and/or is disengaged;

ff)   Advertised promoted and marketed the Product as being safe under ordinary use when Defendants knew or should have known that such model Bryco "48" .380 caliber Semiautomatic pistols were in fact unsafe and unreasonably dangerous

under ordinary use due to the known propensity of the product to discharge when

dropped;

gg)    Advertised promoted and marketed the Product as being safe under ordinary use

when Defendants knew or should have known that such model Bryco "48" .380

caliber Semiautomatic pistols were in fact unsafe and unreasonably dangerous

under ordinary use due to the known absence of safety mechanisms preventing the

product from discharging when dropped;

hh)    Failed to properly and adequately instruct their agents, servants, workmen, and/or

employees in the safe, proper and adequate inspection, testing, fabrication and/or

assembly of said Product;

ii)    Failed to properly and adequately supervise their agents, servants, workmen,

and/or employees in the safe, proper and adequate inspection, testing, fabrication

and/or assembly of said Product;

jj)    Failed to determine and/or ensure that the designers of said Product were properly

and adequately educated, trained, schooled, and/or had and/or possessed sufficient

knowledge to safely, properly and adequately design said Product;

kk)    Failed to determine and/or ensure that their agents, servants, workmen, and/or

employees were adequately educated, trained and/or schooled in the safe, proper

and adequate inspection, testing, fabrication and/or assembly of said product;

ll)    Otherwise failed to use due care under the circumstances.

88.

As a result of the unsafe, defective and/or unreasonably dangerous condition of the

Product as aforesaid, the Plaintiff's decedent, William O. Bullard, III, sustained physical and

mental injuries and death.

89.

Defendants BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS

CALIFORNIA, JENNINGS FIREARMS NEVADA, B.L. JENNINGS, INC., BRUCE L.

JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLY JENNINGS,

RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLEY JENNINGS TRUST,

BRADLEY JENNINGS TRUST, and/or RKB, individually, jointly, and/or severally are liable to

the Plaintiff Linda Bullard, individually and as the Administrator of the Estate of William O.

Bullard, III on the theory of strict liability in tort under O.C.G.A. § 51-1-11.

## SECOND COUNT
## NEGLIGENCE

90.

Plaintiff Linda Bullard hereby incorporates by referenda each and every allegations

contained in paragraphs 1 through 89 inclusive of the foregoing Complaint, as if the same were

set forth fully at length herein.

91.

The aforesaid occurrence and resultant injuries to William O. Bullard, III were caused by the negligence, carelessness, recklessness, and breach of duty of reasonable care of Defendants BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, B.L. JENNINGS, INC., BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY JENNINGS TRUST, BRADLEY JENNINGS TRUST, and/or RKB in that said Defendants:

a)   Failed to properly design said product;

b)   Failed to properly manufacture said product;

c)   Improperly and inadequately designed and/or manufactured the manual safety of the Product;

d)   Improperly and inadequately designed and/or manufactured the Product in failing to prevent the manual safety from unintentionally disengaging and/or failing;

e)   Improperly and inadequately designed and/or manufactured the Product so as to permit the manual safety to unintentionally disengage and/or to fail;

f)   Improperly and inadequately designed and/or manufactured the Product in failing to provide an adequate safety device and/or mechanism to prevent the manual safety from unintentionally disengaging and/or failing;

g)   Improperly and inadequately designed and manufactured the Product in using improper, inadequate, incomplete, and/or defective, and/or unsafe materials and/or parts;

h)   Failed to provide an adequate safety mechanism in or on the Product;

i)   Improperly and inadequately designed and/or manufactured the Product in failing to provide a warning mechanism in or on the Product to indicate to the user that the manual safety has failed and/or is disengaged;

j)   Improperly and inadequately designed and/or manufactured the Product in failing to provide an adequate warning mechanism in or on the Product to indicate to the user that the manual safety has failed and/or is disengaged;

k)   Improperly and inadequately designed and/or manufactured the Product without an automatic firing pin safety and/or other safety device which locks that firing pin until the trigger is pulled and/or squeezed;

l)   Improperly and inadequately designed and/or manufactured the Product without a safety mechanism and/or device to prevent the Product from discharging when the manual safety has failed and/or is disengaged and the trigger is not pulled or squeezed;

m)   Improperly and inadequately designed and/or manufactured the Product without an automatic firing pin safety and/or other safety device to prevent the Product from unintentionally and/or accidentally discharging if the Product is dropped and the manual safety has failed and/or is disengaged;

n)   Improperly and inadequately designed and/or manufactured the magazine and/or pistol in such a way that the magazine will not drop free of the pistol when the magazine release is activated;

o)   Improperly and inadequately designed and/or manufactured that Product in that.

the magazine cannot be safely and/or easily removed from the pistol;

p)    Improperly and inadequately designed an/or manufactured the Product in that the

Product cannot be safely and/or easily unloaded;

q)    Failed to properly engineer the Product;

r)    Failed to properly fabricate the Product;

s)    Failed to properly assemble the Product;

t)    Failed to properly test the Product for defects;

u)    Failed to properly inspect the product to determine and/or ensure the safety

thereof;

v)    Provided unclear, misleading and/or hazardous instructions for the use of said

Product;

w)    Failed to provide adequate and complete instructions for the safe and proper

unloading of the Product;

x)    Failed to provide adequate and complete instructions for safe and proper use;

y)    Failed to provide warnings for safe and proper use;

z)    Failed to provide adequate and complete warnings for safe and proper use;

aa)   Failed to disclose to purchasers, the Plaintiff, and others similarly situated that the

Product was defectively and/or unreasonably dangerously designed and/or

manufactured;

bb)   Failed to recall the Product when Defendants leaned of other incidents in which

persons using the Product and/or other model Bryco "48" .380 caliber (.380 mm)

semiautomatic pistols of the same type and kind in the same or essentially the

same manner had received serious injuries from the malfunction an/or by the unintentional discharge and/or accidental discharge of said pistols;

cc) Advertised, promoted, and marketed the Product as being safe under ordinary use when Defendants knew or should have known that such model Bryco "48" .380 caliber semiautomatic pistols were in fact unsafe and unreasonably dangerous under ordinary use due to the tendency of the aforementioned manual safety to unintentionally and/or disengage an/or fail, permitting the pistol to unintentionally and/or accidentally discharge;

dd) Advertised, promoted and marketed the Product as being safe under ordinary use when Defendants knew or should have known that such model Bryco "48" .380 caliber semiautomatic pistols ware in fact unsafe and unreasonably dangerous under ordinary use due to the lack of an automatic firing pin safety which locks the firing pin until the trigger is pulled or squeezed, thereby permitting the pistol to unintentionally and/or accidentally discharge;

ee) Advertised, promoted and marketed the Product as being safe under ordinary use when Defendants knew or should have known that the model Bryco "48" .380 caliber semiautomatic pistols where in fact unsafe and unreasonably dangerous under ordinary use due to the lack of an automatic firing pin safety and/or other safety device to prevent the Product from unintentionally and/or accidentally discharging if the Product is dropped when the manual safety has failed and/or is disengaged;

ff) Advertised promoted and marketed the Product as being safe under ordinary use

when Defendants knew or should have known that such model Bryco "48" .380 caliber Semiautomatic pistols were in fact unsafe and unreasonably dangerous under ordinary use due to the known propensity of the product to discharge when dropped;

gg) Advertised promoted and marketed the Product as being safe under ordinary use when Defendants knew or should have known that such model Bryco "48" .380 caliber Semiautomatic pistols were in fact unsafe and unreasonably dangerous under ordinary use due to the known absence of safety mechanisms preventing the product from discharging when dropped;

hh) Failed to properly and adequately instruct their agents, servants, workmen, and/or employees in the safe, proper and adequate inspection, testing, fabrication and/or assembly of said Product;

ii) Failed to properly and adequately supervise their agents, servants, workmen, and/or employees in the safe, proper and adequate inspection, testing, fabrication and/or assembly of said Product;

jj) Failed to determine and/or ensure that the designers of said Product were properly and adequately educated, trained, schooled, and/or had and/or possessed sufficient knowledge to safely, properly and adequately design said Product;

kk) Failed to determine and/or ensure that their agents, servants, workmen, and/or employees were adequately educated, trained and/or schooled in the safe, proper and adequate inspection, testing, fabrication and/or assembly of said product;

ll) Otherwise failed to use due care under the circumstances.

92.

In the alternative, Plaintiff is without specific knowledge as to the nature of the happening

of the aforesaid accident, and the said event of the kind which ordinarily does not occur in the

absence of negligence, and the indicated negligence is within the scope of the Defendants'

aforesaid duties to the Plaintiff's decedent  such that it may be inferred that the said harm

suffered by the Plaintiff was caused by the negligence of Defendants BRYCO ARMS, INC.,

BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA,

B.L. JENNINGS, INC., BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS,

KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY

JENNINGS TRUST, BRADLEY JENNINGS TRUST, and/or RKB, and the Plaintiff may rely

on the theory of Res Ispa Loquitur

93.

As a result of the negligence, carelessness, recklessness, willfulness and wantonness of

Defendants BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA,

JENNINGS FIREARMS NEVADA, B.L. JENNINGS, INC., BRUCE L. JENNINGS, JANICE

JENNINGS, BRADLEY JENNINGS, KIMBERLY JENNINGS, RHONDA JENNINGS,

RHONDA JENNINGS TRUST, KIMBERLY JENNINGS TRUST, BRADLEY JENNINGS

TRUST, and/or RKB as aforesaid, the Plaintiff's decedent, William O. Bullard, III, sustained

physical and mental injuries, physical and/or mental impairment and/or disfigurement and

scarring, pain and suffering, loss of time from his usual and customary duties, activities and

occupation, loss of enjoyment of life's pleasures, loss of earnings and earning capacity, and

incurred various expenses, all as aforesaid.

94.

Defendants, BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS

CALIFORNIA, JENNINGS FIREARMS NEVADA, B.L. JENNINGS, INC.,BRUCE L.

JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLY JENNINGS,

RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY JENNINGS TRUST,

BRADLEY JENNINGS TRUST, and/or RKB is liable to the Plaintiff on the theory of

negligence.

## THIRD COUNT
## PUNITIVE DAMAGES

95.

The Plaintiff hereby incorporates by reference each and every allegation contained in

paragraphs 1 through 94 inclusive of the foregoing Complaint, as if the same were set forth fully

at length herein.

96.

At all times relevant herein and material hereto, Defendant BRYCO ARMS, INC.,

BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA,

B.L. JENNINGS, INC., BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS,

KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY

JENNINGS TRUST, BRADLEY JENNINGS TRUST, and/or RKB, intentionally designed, manufactured, engineered, fabricated, assembled, consigned, distributed, sold, advertised, promoted, marketed and otherwise placed into the stream of commerce the aforesaid Product knowing or having reason to know of the aforesaid defective and unreasonably dangerous condition of said product and knowing or having reason to know that the aforesaid defective and unreasonably dangerous condition of the Product created an unreasonable risk of bodily harm to the Plaintiff's decedent, William O. Bullard, III, and others similarly situated and knowing or having reason to know that the aforesaid defective and unreasonably dangerous condition of the Product involved a high degree of probability that substantial harm would result to the Plaintiff and others similarly situated.

97.

At all times relevant herein and material hereto, Defendants BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, B.L. JENNINGS, INC., BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY JENNINGS TRUST, BRADLEY JENNINGS TRUST, and/or RKB knew and/or had reason to know of the aforesaid defective and unreasonably dangerous condition of the Product and knew and/or had reason to know of the aforesaid unreasonable risk of bodily harm and high degree of probability that substantial harm would result to the Plaintiff and other users of the Products aforesaid, from:

a) Testing performed by defendants;

b) Testing by consultants as provided to defendants;

c) Consumer complaints;

d) Reports of failure;

e) Known failure of predecessor designs on which the design of the product is based;

f) Field audits and/or inspections;

g) Warehouse audits and/or inspections;

h) Communications, letters, reports and/or other documents from other members of the trade or industry;

i) Other Products liability claims and/or lawsuits;

j) The reports and/or tests of engineers and/or engineering or other experts;

k) Depositions of various engineers and/or experts;

l) Warnings from the Consumer Product Safety Commission and/or other federal and/or state agencies;

m) Through other means and/or methods which may be determined through discovery and the course of trial.

98.

The designing, manufacturing, engineering, fabricating, assembling, consigning, distributing, selling, promoting, advertising, marketing, and other wise placing into the stream of commerce said Product by the Defendants, having knowledge and/or reason to know the foregoing, was intentionally done and/or was done with reckless and/or conscious indifference to

the interests of the Plaintiff and others and/or was done with evil and/or bad motive and constitutes outrageous conduct such that the Plaintiff, as Administrator of the Estate of William O. Bullard, III, is entitled to an award of punitive damages against Defendants BRYCO ARMS, INC., BRYCO ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS NEVADA, B.L. JENNINGS, INC., BRUCE L. JENNINGS, JANICE JENNINGS, BRADLEY JENNINGS, KIMBERLY JENNINGS, RHONDA JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY JENNINGS TRUST, BRADLEY JENNINGS TRUST, and/or RKB and said punitive damages are hereby demanded.

## FOURTH COUNT
## NEGLIGENCE

### 99.

The Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 98 inclusive of the foregoing Complaint, as if the same were set forth fully at length herein.

### 100.

On March 25, 2000 Tiffany Hardware became aware that the handgun was not functioning properly and attempted to return the handgun for repair or replacement to GRAY HIGHWAY PAWN, INC. d/b/a Shurlington Jewelry and Pawn.

101.

Defendant RONALD RICHARDSON, as agent of GRAY HIGHWAY PAWN, INC. d/b/a Shurlington Jewelry and Pawn, examined the defective handgun and, despite his known superior experience in handling firearms and the hazardous condition of the handgun, and despite Ms. Hardware's known relative inexperience in weapons handling, negligently instructed Tiffany Hardware to keep the gun over the weekend and return with it on Monday.

102.

Such negligent conduct is actionable as negligence in accordance with the Restatement (Third) of Torts at Section 13, *King Hardware Co. v. Ennis*, 39 Ga. App. 355, 147 S.E. 119 (1929) and *Federal Ins. Co. v. Farmer's Supply Store, Inc.*, 2001 WL 1203361 (Ga. App. Oct. 12, 2001).

103.

Defendant RONALD RICHARDSON and GRAY HIGHWAY PAWN, INC. d/b/a Shurlington Jewelry and Pawn are jointly and severally liable to the Plaintiff for the negligent conduct of RONALD RICHARDSON as a significant contributing cause of injury and death to William O. Bullard, III.

**FIFTH COUNT**
**PUNITIVE DAMAGES**

104.

The Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 103 inclusive of the foregoing Complaint, as if the same were set forth fully at length herein.

105.

Defendant RONALD RICHARDSON, as agent of GRAY HIGHWAY PAWN, INC. d/b/a Shurlington Jewelry and Pawn, knew or should have known of the dangerous defects in the handgun prior to the retail sale of same, and knew of the defect in the handgun after the sale and before the fatal event of March 25, 2000 yet made no effort to prevent same though under a duty to do so. Such conduct is demonstrative of a conscious disregard for the care of others and gives rise to a claim for punitive damages.

106.

Plaintiff demands RONALD RICHARDSON, as agent of GRAY HIGHWAY PAWN, INC. d/b/a Shurlington Jewelry and Pawn pay punitive damages.

WHEREFORE, Plaintiff prays for a trial before a jury and judgment as follows:

a) That Plaintiff, as the Administrator of the Estate of William O. Bullard, III recover compensatory damages, including medical bills, pain and suffering, funeral expenses and other expenses in an amount to be determined at trial;

b)   That Plaintiff, as the mother of William O. Bullard, III, recover for the full value

of the life of her son, William O. Bullard, III, in an amount to e determined at

trial;

c)   That Plaintiff, as Administrator of the Estate of William O. Bullard, III, recover

Punitive and Exemplary damages of Defendant BRYCO ARMS, INC., BRYCO

ARMS, JENNINGS FIREARMS CALIFORNIA, JENNINGS FIREARMS

NEVADA, B.L. JENNINGS, INC., BRUCE L. JENNINGS, JANICE

JENNINGS, BRADLEY JENNINGS, KIMBERLY JENNINGS, RHONDA

JENNINGS, RHONDA JENNINGS TRUST, KIMBERLY JENNINGS TRUST,

BRADLEY JENNINGS TRUST, and/or RKB in an amount sufficient to punish

and deter the defendant(s) from such wrongful conduct in the future and deter

others who would act similarly;

d)   That Plaintiff, as Administrator of the Estate of William O. Bullard, III, recover

Punitive and Exemplary damages of Defendant RONALD RICHARDSON, as

agent of GRAY HIGHWAY PAWN, INC. d/b/a Shurlington Jewelry and Pawn in

an amount sufficient to punish and deter the defendant from such wrongful

conduct in the future and deter others who would act similarly;

e)   That Plaintiff recover all costs of this litigation; and

GLG711689

f)    That Plaintiff receive such other and further relief as the Court deems just and

proper.

This the 28th day of December, 2001.

JOEL GRIST
Attorney for Plaintiff
Georgia Bar No. 312740

KENNETH M. BROCK
Attorney for Plaintiff
Georgia Bar No. 084050

GRIST & BROCK, LLP
Suite 301, The Whittle Building
915 Hill Park
Macon, Georgia 31201
(478) 741 - 0024