IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CANAL INDEMNITY CO., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO.: 5:14-CV-431 (WLS) |
| v. | : | |
| | : | |
| RONALD RICHARDSON and | : | |
| LINDA BULLARD, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court is Defendant Linda Bullard's December 3, 2015 Motion to Decline Jurisdiction or, Alternatively, Motion to Stay. (Doc. 55.) After receiving an extension of time from the Clerk of Court, Plaintiff Canal Indemnity filed a response on January 7, 2016. (Doc. 59.) Bullard replied on February 3, 2016 after receiving an extension from the Clerk. (Doc. 64.) The Court finds that Bullard's Motion to Decline Jurisdiction, or, Alternatively, Motion to Stay (Doc. 55) is ripe for review. Also pending are Defendant Linda Bullard's Motion for Partial Judgment on the Pleadings (Doc. 28), Plaintiff Canal Indemnity's Motion for Summary Judgment (Doc. 29), Defendant Linda Bullard's Motion for Summary Judgment (Doc. 56), and Defendant Ronald Richardson's Motion for Summary Judgment (Doc. 57), which the Court does not herein address.

## PROCEDURAL BACKGROUND

This action arises from a tragic incident that occurred over fifteen years ago involving a handgun purchased by Tiffany Hardware at Gray Highway Pawn that ultimately malfunctioned and misfired, killing William O. Bullard, III, Defendant Linda Bullard's son. Plaintiff Canal Indemnity Co. filed this action seeking a declaratory judgment of "its coverage obligations, if any, owed to Defendant Ronald Richardson under a commercial general liability insurance policy issued by Canal Indemnity for claims asserted by [Defendant Linda] Bullard" against Richardson in a state court action. (Doc. 26 at 2.) The ultimate issue in this action is the extent of the insurance coverage obligations, if any, Canal Indemnity owes to Richardson under the policy issued to Gray Highway Pawn, Inc. with respect to the wrong-

1

ful death of William Bullard, Defendant Linda Bullard's son. (*Id.*) Canal Indemnity subdivides that issue into the following:

> (1) whether Richardson is an insured under the policy issued to Gray Highway Pawn; (2) whether the policy limit has been exhausted by payment, or (3) whether Canal Indemnity is estopped from even contesting coverage as Bullard (and Richardson) contend.

(Doc. 59 at 5.) Defendant Richardson has filed a counterclaim seeking a declaration that he is covered under the insurance policy and that Canal Indemnity is estopped from contesting his coverage because it waived its right to contest. (Doc. 7 at 14-15.)

Linda Bullard's tort allegations against Richardson and Gray Highway Pawn, where Richardson was employed, were tried to a jury in the Fulton County State Court (hereinafter referred to as the "state court lawsuit"). Canal Indemnity is not a party to the state court lawsuit but provided for Richardson's defense. Before the state court jury was instructed, Defendant Bullard (who is the plaintiff in the state court lawsuit) withdrew the proposed jury charges regarding imposing liability on Richardson on the theory that he was acting as an agent for Gray Highway Pawn, thus shifting the theory of the entire case from one of agency liability to one of individual liability. (Doc. 59 at 3.) The state court lawsuit jury found in favor of Gray Highway Pawn and against Richardson, under the theory of individual negligence, and awarded $6 million to Bullard. (*Id.*) After a verdict was returned, the relevant parties to the state court lawsuit reached an agreement regarding attorneys' fees, agreeing that Bullard would accept $300,000, the limit of Gray Highway Pawn's policy with Canal Indemnity, in satisfaction of any and all claims for attorneys' fees and other expenses. (Docs. 1-5; 29-5 at 121.) Also, after the jury returned a verdict against Richardson on the theory of individual negligence, Canal Indemnity issued a reservation of rights letter to Richardson stating that its continued defense would be "under a complete reservation of rights to disclaim coverage." (Doc. 29-6 at 2.)

After the jury returned its verdict, the state court judge granted Richardson's motion for a directed verdict, which had been reserved pending the jury's verdict, and entered judgment in favor of Richardson. (Doc. 55-1.) Bullard has appealed the state court's directed verdict in favor of Richardson and seeks reinstatement of the jury's verdict against Richardson on a theory of individual negligence. (*See* Doc. 61.) According to the Parties' briefing and

2

the absence of any notice to the contrary, that appeal remains pending in the Court of Appeals of Georgia.

## DISCUSSION

Defendant Linda Bullard moves this Court to decline to exercise jurisdiction over this case or, alternatively, to stay this case pending resolution of the state court lawsuit. (Doc. 55.) Bullard argues that because the underlying state court lawsuit may fully resolve the controversy between the Parties in the case *sub judice* in this Court, this Court should, in its discretion, decline to exercise jurisdiction over this matter or, alternatively, stay this matter pending resolution of the state court lawsuit. (Doc. 55 at 4-7.) Canal Indemnity responds that issues involved in the above-styled case will not be resolved by the underlying state court lawsuit. (Doc. 59 at 8-18.)

Federal district courts have considerable discretion to decline to exercise jurisdiction over declaratory judgment actions "where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). The Eleventh Circuit has identified the following nine factors a court may consider, along with any other relevant factors, in determining whether to decline to exercise jurisdiction over a declaratory judgment action:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
> (2) whether the judgment in the federal declaratory action would settle the controversy;
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
> (6) whether there is an alternative remedy that is better or more effective;
> (7) whether the underlying factual issues are important to an informed resolution of the case;
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005).

The Court finds that this case does not match the *Brillhart* scenario of a federal suit presenting the same issues between the same parties as a state court suit. Canal Indemnity is not a party to the state court lawsuit. And the issues presented in this action include whether Richardson is covered under Gray Highway Pawn's insurance policy with Canal Indemnity, the extent of that coverage, if any, and whether Canal Indemnity is estopped from claiming that Richardson is not covered under the policy. Those issues have not been and will not be resolved in the state court lawsuit. The issue remaining in the state court lawsuit is whether Richardson is liable to Bullard under a theory of individual negligence.

Bullard argues, "This Court can only hold that Richardson does not fall within the definition of 'insured' under the Policy if it makes a factual determination that his negligence did not occur while Richardson was 'performing duties related to the conduct of [Gray Highway Pawn's] business.'" (Doc. 55 at 7 (citing Doc. 1 at 6).) Bullard contends that this creates "a very real danger of a ruling by this Court on a factual issue that could be at odds with a later ruling by the state court." (*Id.*) However, nothing in the record of the case before this Court indicates that the state court jury was asked to make a finding regarding Richardson's agency on behalf of Gray Highway Pawn, and Bullard has raised no argument involving that issue on appeal. (Doc. 59 at 12; *see* Doc. 61.) Indeed, Bullard's two theories of liability argued at trial and in the state court briefing on the motions for directed verdict were that Richardson had a duty to warn Tiffany Hardware that the weapon was exceedingly dangerous and that Richardson undertook a service to repair the handgun gratuitously and therefore owed a duty of reasonable care to Tiffany Hardware. (Doc. 61 at 13.) An appeals court ruling upholding the directed verdict would certainly not resolve the issue of whether Richardson was "performing duties related to the conduct of [Gray Highway Pawn's] business" nor would a ruling reversing the directed verdict and upholding the jury's verdict because the jury was not asked to make such a finding and that fact is not an essential element of either of the theories of liability put forward at trial. Therefore, any resolution of the state court matter will not answer whether Richardson was covered under the Canal Indemnity policy as an agent of Gray Highway Pawn.

While it seems at first glance that since a judgment has been entered in favor of Richardson, the issue of his coverage under the policy is moot unless the appeals court rules to

4

reinstate the verdict, the fact remains that Canal Indemnity continues to pay for Richardson's representation on appeal. (Doc. 59 at 6-7 (" . . . Bullard is continuing to pursue her liability claims against Richardson, for which Canal Indemnity is continuing to provide a defense . . .").) Thus, a declaratory judgment in this action could provide immediate relief to Canal Indemnity by resolving an issue –the existence and extent of Richardson's coverage under the policy –that is not at issue in the underlying state court lawsuit.

Further, the Court finds that the *Roach* factors weigh heavily in favor of denying Bullard's Motion. Ruling on the issues in this case would not impact the state court proceedings in anyway, except to the extent that a declaratory judgment in Canal Indemnity's favor could result in a change of counsel for Richardson in the state court proceeding because Canal Indemnity may choose to no longer pay for Richardson's defense. A judgment in this action would not settle the state controversy, clarify any of the legal relations at issue, or create the possibility of conflicting court rulings, and thus would not pose a threat to the comity that exists between state and federal courts.

The Court further notes that Bullard did not file the instant Motion to Decline Jurisdiction, or, Alternatively, Motion to Stay until almost a year after this action was commenced. (Doc. 55.) To the extent Bullard argues that granting her motion is in the interest of judicial economy, the Court finds that though it would certainly save the Court time to decline to exercise jurisdiction over the four dispositive motions pending in this matter, to do so would not be in the interest of justice since the Parties have spent the better part of a year completing discovery and briefing dispositive motions.

## CONCLUSION

For all of the reasons stated herein, the Court finds no compelling reason to decline to exercise jurisdiction over this declaratory judgment action. For the same reasons, the Court finds no reason to stay this matter. The Court therefore **DENIES** Bullard's Motion to Decline Jurisdiction, or, Alternatively, Motion to Stay (Doc. 55).

**SO ORDERED**, this 4th day of February, 2016.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT**