IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CANAL INDEMNITY CO., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> RONALD RICHARDSON and : <br> LINDA BULLARD, : <br> : <br> Defendants. : <br> : | CASE NO.: 5:14-CV-431 (WLS) |

# ORDER

Before the Court is Defendant Linda Bullard's Motion for Partial Judgment on the Pleadings, filed on July 20, 2015. (Doc. 28.) Plaintiff Canal Indemnity filed a response on August 7, 2015 (Doc. 34), Defendant Bullard replied on August 24, 2015 (Doc. 38), and Canal Indemnity filed a sur-reply with leave from the Court on September 16, 2015 (Doc. 46). The Court finds Bullard's Motion for Partial Judgment on the Pleadings is now ripe for review. Also pending are Plaintiff Canal Indemnity's Motion for Summary Judgment (Doc. 29), Defendant Linda Bullard's Motion for Summary Judgment (Doc. 56), and Defendant Ronald Richardson's Motion for Summary Judgment (Doc. 57), which the Court does not herein address.

## PROCEDURAL AND FACTUAL BACKGROUND

This action arises from a tragic incident that occurred over fifteen years ago involving a handgun purchased by Tiffany Hardware at Gray Highway Pawn that ultimately malfunctioned and misfired, killing William O. Bullard, III, Defendant Linda Bullard's son. In an underlying state court lawsuit, Linda Bullard alleged that Tiffany Hardware purchased the handgun from Ronald Richardson, an owner of and salesperson at Gray Highway Pawn. Bullard alleged that upon discovering that the handgun was not functioning properly, Hardware took the handgun to Richardson at a liquor store where he also worked. Richardson looked at the gun, gave it back to Hardware, and told her to bring it to Gray Highway Pawn the following Monday. Bullard alleged that afterwards, Hardware dropped the gun and a bullet discharged, struck, and killed William O. Bullard, III.

1

Plaintiff Canal Indemnity Co. filed this action seeking a declaratory judgment that (1) "[t]he claim submitted to the jury was based on Richardson's personal conduct and not as an executive officer, director, stockholder or employee of Gray Highway Pawn. Accordingly, Richardson is not an insured for the claim upon which damages were awarded" and (2) "Canal Indemnity's duty to defend ended when it paid the policy limit of $300,000 to satisfy a settlement." (Doc. 1 at 7.) Defendant Richardson has filed a counterclaim seeking a declaration that he is covered under the insurance policy and that Canal Indemnity is estopped from contesting his coverage because it waived its right to contest. (Doc. 7 at 14-15.) The ultimate issue in this action is the extent of the insurance coverage obligations, if any, Canal Indemnity owes to Richardson under the policy issued to Gray Highway Pawn, Inc. with respect to the wrongful death of William Bullard, Defendant Linda Bullard's son. (*Id.*) Canal Indemnity subdivides that issue into the following:

> (1) whether Richardson is an insured under the policy issued to Gray Highway Pawn; (2) whether the policy limit has been exhausted by payment, [and] (3) whether Canal Indemnity is estopped from even contesting coverage as Bullard (and Richardson) contend.

(Doc. 59 at 5.)

Linda Bullard's tort allegations against Richardson and Gray Highway Pawn, where Richardson was employed, were tried to a jury in the Fulton County State Court (hereinafter referred to as the "state court lawsuit"). Canal Indemnity is not a party to the state court lawsuit but provided for Richardson's defense. Before the state court jury was instructed, Defendant Bullard (who is the plaintiff in the state court lawsuit) withdrew the proposed jury charges regarding imposing liability on Richardson on the theory that he was acting as an agent for Gray Highway Pawn, thus shifting the theory of the entire case from one of agency liability to one of individual liability. (Doc. 59 at 3.) The state court lawsuit jury found in favor of Gray Highway Pawn and against Richardson, under the theory of individual negligence, and awarded $6 million to Bullard. (*Id.*)

After the state court jury returned its verdict against Richardson, Bullard filed a motion under O.C.G.A. § 9-11-68(e). After Bullard filed her motion under § 9-11-68(e), the Parties executed a release, stating that Bullard released her claims for "attorneys fees and other expenses" under O.C.G.A. § 9-11-68(e) against Richardson, Gray Highway Pawn, and Canal Indemnity in consideration of "Three Hundred Thousand Dollars and 00/100 ($300,000.00)

2

policy limits for Canal Indemnity Company Policy #GLG11689." (Doc. 1-5 at 1 (attached to the Complaint).) Canal Indemnity alleges that it agreed to this release in order "to extinguish the additional exposure to Richardson" because Bullard would otherwise have sought "40% of the verdict, or an additional $2.4 million, as attorney's fees" under § 9-11-68(e). (Doc. 1 at 5.)

After the jury returned its verdict, the state court judge granted Richardson's motion for a directed verdict, which had been reserved pending the jury's verdict, and entered judgment in favor of Richardson. (Doc. 55-1.) Bullard has appealed the state court's directed verdict in favor of Richardson and seeks reinstatement of the jury's verdict against Richardson on a theory of individual negligence. (*See* Doc. 61.) According to the Parties' briefing and the absence of any notice to the contrary, that appeal remains pending in the Court of Appeals of Georgia.

## DISCUSSION

Defendant Linda Bullard moves for partial judgment on the pleadings as to Canal Indemnity's request for a declaratory judgment that its "duty to defend ended when it paid the policy limit of $300,000 to satisfy a settlement." (Docs. 1 at 7; 28 at 1.) Specifically, Bullard argues in her Motion for Partial Judgment on the Pleadings that Canal Indemnity can prove no set of facts in support of this claim because the $300,000 payment made was not a payment provided for under the terms of Gray Highway Pawn's insurance policy and therefore could not have exhausted the policy limit. (*See generally* Doc 28-1.) The Court notes that in her reply brief, Bullard also asserts she is entitled to partial judgment on the pleadings because even if the $300,000 was paid in exhaustion of the policy limit, that would not relieve Canal Indemnity of its duty to defend Richardson. (Doc. 38 at 4-5; *see generally* Doc. 28.) The Court is not required to and thus will not consider this new argument raised in Bullard's reply brief. *Hill v. Oil Dri Corp. of Ga.*, 198 F. App'x 852, 856 (11th Cir. 2006) (holding that a district court did not abuse its discretion in refusing to consider a limitations argument raised for the first time in plaintiffs' reply brief); *see also Egidi v. Mukamai*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in a reply brief are deemed waived.").

I.     **Judgment on the Pleadings Standard**

3

Motions for judgment on the pleadings are allowed by Federal Rule of Civil Procedure 12(c) and are subject to the same standard of review as motions to dismiss filed under Rule 12(b)(6). *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002). The Court therefore applies the following standard of review applied to Rule 12(b)(6) motions.

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not merely just conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)). However, the plaintiff need not allege all the elements of proof of his claim in his complaint in order for the claim to survive a Rule 12(b)(6) motion to dismiss or a Rule 12(c) motion for judgment on the pleadings. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002).

While the Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the Plaintiff," *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003), in evaluating the sufficiency of a plaintiff's pleadings the Court must "make reasonable inferences in Plaintiff's favor, 'but [is] not required to draw Plaintiff's inference.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)), abrogated on other grounds by *Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702 (2012). The Supreme Court instructs that while on a motion to dismiss "a court must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555, for the proposition that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" in a complaint).

Finally, in reviewing a motion to dismiss or a motion for judgment on the pleadings, a court "may consider only the complaint itself and any documents referred to in the complaint [that] are central to the claims." *Ball v. JPMorgan Chase Bank, N.A.*, 1:12-cv-132, 2013 WL 5592496 at *2 (M.D. Ga. Oct. 10, 2013) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam)). And any "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

## II. Analysis

Gray Highway Pawn held an insurance policy with Canal Indemnity that covered bodily injury claims. The policy, which is attached to the Complaint, reads, "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury'. . . ." (Doc. 1-6 at 6.) The policy further provides, "Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C." (*Id.*) Bodily injury claims, such as Bullard's state court claim on behalf of the deceased, are included under Coverage A. (*Id.* at 6.) The policy limit is $300,000. (Doc. 1-6 at 34.) The policy does not define the term "damages." (*See generally* Doc. 1-6.)

After the state court jury returned its verdict against Defendant Richardson, Bullard filed a motion under O.C.G.A. § 9-11-68(e), which provides:

> Upon motion by the prevailing party at the time that the verdict or judgment is rendered, the moving party may request that the finder of fact determine whether the opposing party presented a frivolous claim or defense. In such event, the court shall hold a separate bifurcated hearing at which the finder of fact shall make a determination of whether such frivolous claims or defenses were asserted and to award damages, if any, against the party presenting such frivolous claims or defenses. Under this subsection:
> > (1) Frivolous claims shall include, but are not limited to, the following:
> > > (A) A claim, defense, or other position that lacks substantial justification or that is not made in good faith or that is made with malice or a wrongful purpose, as those terms are defined in Code Section 51-7-80;
> > > (B) A claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of

5

> law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position; and
> (C) A claim, defense, or other position that was interposed for delay or harassment;
>
> (2) Damages awarded may include reasonable and necessary attorney's fees and expenses of litigation . . .

After Bullard filed her § 9-11-68(e) motion, the Parties executed a release, stating that Bullard released her claims for "attorneys fees and other expenses" under O.C.G.A. § 9-11-68(e) against Richardson, Gray Highway Pawn, and Canal Indemnity in consideration of "the sum of Three Hundred Thousand Dollars and 00/100 ($300,000.00) policy limits for Canal Indemnity Company Policy #GLG11689." (Doc. 1-5 at 1 (attached to the Complaint).)

Bullard argues that Canal Indemnity can prove no set of facts establishing that its payment of $300,000 in exchange for the release of Bullard's claim under § 9-11-68(e) constituted exhaustion of the policy limit because the policy only covers judgments or settlements for "damages because of 'bodily injury.'" (Doc. 28-1 at 6.) Bullard argues that the payment of $300,000 was "not for a judgment or settlement of a 'bodily injury' claim" but rather for an attorney's fees claim and that the determinative term as used in the policy is "damages," which does not encompass attorney's fees. (Docs. 28-1 at 6; 38 at 3.)

Whether or not attorney's fees awarded by a jury pursuant to O.C.G.A. § 9-11-68(e) constitute "damages because of bodily injury" under the terms of the insurance policy or Georgia law, Bullard's Motion fails because the release executed by Bullard, which was filed as an attachment to the Complaint, expressly refers to the $300,000 payment as the "policy limits for Canal Indemnity Company Policy #GLG11689." (Doc. 1-5; *see also* Doc. 34 at 6.) A settlement agreement is a contract, and Bullard would ordinarily be bound by its terms. *Schwartz v. Fla. Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987); *Wong v. Bailey*, 752 F.2d 619, 621 (11th Cir. 1985). "Words in a contract are to be given their plain and ordinary meaning, and it is not for the court to add or subtract any language from the face of a clearly worded agreement," and "[t]he Court's role is to determine the intention of the parties from the language of the agreement, the apparent objects to be accomplished, other provisions in the agreement that cast light on the question, and the circumstances prevailing at the time of the agreement." *Schwartz*, 807 F.2d at 905 (citations omitted).

Bullard has made no argument in her briefs in support of her Motion for Partial Judgment on the Pleadings that the release is somehow invalid or non-binding.[1] Nor has Bullard asserted an argument that the plain language of the release should be interpreted in any way other than its plain meaning, which indicates that the parties understood the payment to constitute exhaustion of the policy limit. Because Canal Indemnity alleges that the release executed by Bullard expressly states that the payment made as consideration for Bullard's releasing her § 9-11-68(e) claim was a payment of the insurance policy limit, the Court finds that Canal Indemnity has stated a plausible claim for declaratory relief as to whether it has exhausted the policy limits.

## CONCLUSION

For the reasons stated herein, Bullard's Motion for Partial Judgment on the Pleadings (Doc. 28) is **DENIED**.

**SO ORDERED**, this 30th day of March, 2016.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Court notes that Richardson makes this argument in his briefing on Canal Indemnity's Motion for Summary Judgment, but the Court will not consider that argument as to Bullard's Motion for Judgment on the Pleadings, particularly since Richardson did not even file a response to Bullard's Motion for Judgment on the Pleadings. (Doc. 39 at 6-7.)

7